Respondent Tamara Lynn Hickey appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which awarded the custody of her minor son, Quentin Paulik, to the child's natural father, Respondent-appellee, John Paulik. Appellant assigns four errors to the trial court:
ASSIGNMENTS OF ERROR
 FIRST ASSIGNMENT OF ERROR
 THAT THE TRIAL COURT ERRED IN REACHING ITS DECISION AND JUDGMENT WITHOUT FIRST OBTAINING A FINAL REPORT AND RECOMMENDATION FROM THE GUARDIAN AD LITEM APPOINTED IN THIS CASE.
 SECOND ASSIGNMENT OF ERROR
 THAT THE DECISION OF THE TRIAL COURT WAS IN ERROR BECAUSE THE SAME WAS TAINTED AND FLAWED BY VIRTUE OF THE INITIAL ISSUANCE OF AN EX PARTE ORDER BASED UPON MATERIALLY INACCURATE INFORMATION, WHICH RESULTED IN A STATUS QUO OF TEMPORARY PLACEMENT IN JOHN PAULIK, WHICH MATERIALLY AND PREJUDICIALLY AFFECTED THE OUTCOME OF THIS CASE.
 THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED TO THE APPELLANT'S SUBSTANTIAL PREJUDICE BY ADMITTING INTO EVIDENCE AND GIVING CONSIDERATION AND WEIGHT TO SEVERAL MUNICIPAL COURT MISDEMEANOR CONVICTIONS ARISING FROM NO CONTEST PLEAS AND ALSO BY ADMITTING INTO EVIDENCE AND GIVING CONSIDERATION AND WEIGHT TO A NUMBER OF UNSUBSTANTIATED HEARSAY REPORTS.
father was granted an ex parte order of placement. Several weeks later, appellee John Paulik moved with Quentin from the child's original residence, leaving appellee grandmother in the home. In September of 1996, appellee Paulik picked up Quentin from the grandmother's residence following a visit, and was charged with DUI. Appellant arrived on the scene shortly thereafter, and was eventually charged with obstruction of official business. Appellee John Paulik was convicted of DUI and incarcerated for several months, during which time Quentin lived with his mother, the appellant.
The magistrate found appellant, appellee John Paulik, and appellee Delores Wietz's fiancee Ralph Harsh all have multiple DUI convictions. Appellant has been through outpatient drug treatment and continues to abuse alcoholic beverages. Between January 27, 1997 and April 9, 1997, police were called approximately 21 times, to appellant's home primarily by the neighbors for loud music. Appellant mother is in a relationship with a man whom both appellees believe is a negative influence on the minor child. The court found Quentin is a healthy ten year old who enjoys sports and maintains above average grades in school. His school attendance and deportment is excellent and he wishes to reside with both parents.
The magistrate found, citing In Re: Perales (1977), 52 Ohio St.2d 89, that both parents are suitable parents, and for this reason, appellee Delores Wietz may not receive custody of Quentin. The court cited R.C. 3109.04, and found based upon the factors cited in that statute, that it is in the best interest of Quentin for John Paulik to be the residential parent and legal custodian of Quentin. Both appellant and appellee Delores Wietz have companionship rights.
because appellant does not assert the magistrate's findings of fact are actually incorrect, this court is unable to find error here. Appellant's assertion is that incorrect information furnished by both appellees resulted in the securing of anex parte order which ultimately affected the outcome of the action. Appellant cannot demonstrate, and this court refuses to infer, that the ex parte order in favor of the father influenced the court's ultimate decision regarding the best interest of the child, particularly when the magistrate's findings correctly identify appellant as the primary caregiver.
The second assignment of error is overruled.
 III
In her third assignment of error, appellant argues the court erroneously admitted into evidence instances where an appellant was convicted of various misdemeanor charges involving appellee Delores Wietz and appellant's sister, which arose during the pendency of the custody proceedings herein. The court also admitted reports from the Massillon Police Department regarding numerous complaints lodged against appellant by her neighbors. Appellant characterizes the evidence as hearsay in violation of Rule 802 of the Ohio Rules of Evidence.
Again, appellant has not furnished either the trial court or this court with a transcript of the evidence, and Civ. R. 53 (E) prohibits a party from assigning as error on appeal the court's adoption of a finding of fact and conclusion of law unless the party has objected to the finding and conclusion under the Rule.
We find appellant has failed to preserve this error.
The third assignment of error is overruled.
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 (h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2929.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is a reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 (i) Whether the residential parent or one of the parents subject to a share parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
 (j) Whether either parent has established a residence, or in planning to establish a residence, outside this state.
(Emphasis added)
The Revised Code provides regardless of whether the court is making an original decree allocating parental rights and responsibilities or modifying a decree which allocated those rights and responsibilities, the court shall use the best interest of the child's standard, and consider the same factors.